IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY PIETRUSZYNSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA and ALEXANDER | § | |
| WILLARD, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81.1, Defendants Safeco Insurance Company of Indiana ("Safeco") and Alexander Willard ("Willard," and together with Safeco, "Defendants") file this *Notice of Removal* hereby removing this action from the 40th Judicial District Court of Ellis County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Mary Pietruszynski ( "Plaintiff") and Safeco, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  As explained below, Willard was improperly joined, and this Court therefore should disregard Willard's citizenship when evaluating diversity, and he should be dismissed as a matter of law upon removal.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged hail damage to property located at 7260 Misty Gln, Midlothian, Texas 76065-6948 (the "Property").  Plaintiff alleges that Safeco breached a policy of insurance (the "Policy") and that both Defendants violated

---

certain provisions of the TEXAS INSURANCE CODE by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from hail.

On June 20, 2016, Plaintiff filed her Original Petition in the 40th Judicial District Court of Ellis County, Texas against Defendants. Safeco was served with a citation and a copy of Plaintiff's Original Petition on or about June 27, 2016 through its registered agent for service of process. Willard was personally served with a citation and a copy of Plaintiff's Original Petition on or about June 29, 2016.

On July 15, 2016, Defendants timely filed their answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition upon Defendants and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A.   DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in her Original Petition that she is a resident of the State of Texas. *See* Plaintiff's Original Petition at ¶ 1. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. Accordingly, there exists complete diversity of citizenship between the Plaintiff and Safeco as the only properly joined defendant in this matter.

1.  **Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). As discussed below, Plaintiff's Original Petition fails to state a plausible claim for relief against Willard.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

2.  **Willard was Improperly Joined**

Here, Defendant seeks removal under the latter part of the improper joinder test because Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Willard. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a

hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The Court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. While an adjuster, such as Willard, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiff's Original Petition, which simply regurgitates the underlying statutory language, is factually deficient and fails to state a cause of action against Willard.

As an initial inquiry, a court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … support[s] any inference that the [Plaintiff] intended to actively pursue claims" against Willard. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts in the Fifth Circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him. *See e.g.*, *Griggs*, 181 F.3d at 699.

Plaintiff's Original Petition identifies Willard by name, but the allegations against him are minimal, provide no substantive facts, and, therefore, fail to establish a plausible

claim. More specifically, the allegations against Willard in the "Factual Background" section of Plaintiff's Original Petition merely states that "Alexander Willard accepted and adopted Wheeler's estimate and informed Plaintiff that no payment would issue on her claim." *See* Plaintiff's Original Petition at ¶ 14.

For the most part, the remaining allegations against Willard merely track the statutory provisions. As explained by the Southern District of Texas in a case very similar to this one, such actions can be accomplished by Safeco through an agent, and as such, Willard's actions are indistinguishable from Safeco's actions. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011). And as this Court has explained, "generic" factual allegations against a defendant adjuster simply do not state a claim against an adjuster. *Slabaugh v. Allstate Ins. Co.*, no. 4:15-cv-115, 2015 WL 4046250, at *3 (E.D. Tex. June 30, 2015); *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015) ("[T]he plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation ... that caused the harm" by alleging "specific, actionable conduct."). Plaintiff's conclusory allegations against Willard, in his individual capacity,

are insufficient to establish the possibility of a claim against him for any violations of the TEXAS INSURANCE CODE. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 23.

### 3. This Court Should Disregard Willard's Citizenship When Evaluating Diversity

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Willard. Willard's presence should be disregarded in determining diversity jurisdiction, and he should be dismissed from this lawsuit upon removal. *Id*.

Upon Plaintiff's own admission, she is a Texas citizen. Safeco is a citizen of Indiana and Massachusetts, and because Willard has been improperly joined, complete diversity of citizenship exists between the properly joined parties.

### B.   AMOUNT IN CONTROVERSY

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Here, it is apparent from the face of Plaintiff's Original Petition that her claims exceed $75,000.00. Plaintiff specifically plead that she "seeks monetary relief over $100,000 but not more than $200,000." Plaintiff's Original Petition at ¶ 5.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed

Certificate of Interested Persons that complies with LR 3.1(c).  Additionally, the following exhibits are attached:

- **EXHIBIT A**     Index of all documents filed in the state court action;

- **EXHIBIT B**:    Register of Actions in the state court action; and

- **EXHIBITS C1 – C2**:  A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendants Safeco Insurance Company of Indiana and Alexander Willard respectfully request that the above-captioned action now pending in the 40th Judicial District Court, Ellis County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.  Defendants further request all such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
JACKSON P. MABRY
State Bar No. 24078894

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail:  mark.tillman@tb-llp.com
E-mail:  colin.batchelor@tb-llp.com
E-mail:  jackson.mabry@tb-llp.com

**ATTORNEYS FOR DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA and ALEXANDER WILLARD**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel of record via electronic means and/or facsimile, on the 27th day of July, 2016, in accordance with the Federal Rules of Civil Procedure.

Richard D. Daly
William X. King
DALY & BLACK, PC
2211 Norfolk Street, Suite 800
Houston, Texas 77098
(713) 655-1405 (Telephone)
(713) 655-1587 (Facsimile)
rdaly@dalyblack.com
ecfs@dalyblack.com
wking@dalyblack.com

**ATTORNEYS FOR MARY PIETRUZYNSKI**

                    */s/ Colin Batchelor*
                    COLIN BATCHELOR