

**CORPORATION SERVICE COMPANY**

**RCS / ALL**
**Transmittal Number: 15316980**
**Date Processed: 06/27/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Mary Pietruszynski vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Ellis County District Court, Texas |
| **Case/Reference No:** | 93994 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/27/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | William X. King<br>713-655-1405 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

EXHIBIT C-1

# THE STATE OF TEXAS
# COUNTY OF ELLIS
## CAUSE NO: 93994
# CITATION

**TO:** SAFECO INSURANCE COMPANY OF INDIANA
THROUGH ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

Defendant, in the hereinafter styled and numbered cause: 93994

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **93994** styled

## PIETRUSZYNSKI, MARY
## VS.
## SAFECO INSURANCE COMPANY OF INDIANA
## AND WILLARD, ALEXANDER

Filed in said court on the 06/20/2016

The name and address of the attorney for plaintiff, or the address of the plaintiff is: WILLIAM X. KING , 2211 NORFOLK ST., STE 800 , HOUSTON, TX 77098.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 23rd day of June, 2016.

**Melanie Reed, District Clerk**
**109 S. Jackson Street Rm. 209**
**Waxahachie, TX 75165**

SEAL

By _____

Mary Hinds, Deputy

Filed 6/20/2016 4:00:15 PM
Melanie Reed
District Clerk
Ellis County, Texas

93994

CAUSE NO._____

| | | |
|---|---|---|
| MARY PIETRUSZYNSKI | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | ELLIS COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND ALEXANDER | § | |
| WILLARD | § | |
| | § | |
| Defendants | | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Mary Pietruszynski ("Ms. Pietruszynski"), Plaintiff herein, files this Original Petition against Defendants Safeco Insurance Company of Indiana ("Safeco") and Alexander Willard ("Willard") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      Mary Pietruszynski is a Texas resident who resides in Ellis County, Texas.

2.      Safeco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

3.      Alexander Willard is a Texas resident who participated in adjusting Ms. Pietruszynski's insurance claim, and he may be served via certified mail at P. O. Box 9030, Addison, TX 75001.

## II.
## DISCOVERY

4.      This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in Ellis County under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Ellis County. In particular, the loss at issue occurred in Ellis County.

## V.
## FACTUAL BACKGROUND

8.      Ms. Pietruszynski is a named insured under a property insurance policy issued by Safeco.

9.      On or about May 26, 2015 a storm hit the Midlothian, Texas area, damaging Ms. Pietruszynski's house and other property. Ms. Pietruszynski subsequently filed a claim on her insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

2

11.    Safeco and the individual adjusters it assigned to the claim conducted substandard inspections of the property and investigation of the claim, prepared reports that failed to include all of the damages that were noted or should have been noted during the inspections, and otherwise undervalued the damages that were observed during the inspections.

12.    By way of example only, following the initial inspection of Plaintiff's property, Jasmine Stafford informed Plaintiff by letter dated July 8, 2015 that Safeco would be "unable to make a payment to you" with no explanation or basis in the policy, law or fact for Safeco's determination of the claim.

13.    On or about March 22, 2016, adjuster Chris Wheeler conducted a re-inspection, missed and/or undervalued covered damages, and drafted an estimate that placed the cost of repairs below Plaintiff's deductible.

14.    Consequently, by letter dated March 30, 2016, Alexander Willard accepted and adopted Wheeler's estimate and informed Plaintiff that no payment would issue on her claim.

15.    All such unreasonable investigations by Safeco's adjusters resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property and effective denial of her claim.

## VI.
## CAUSES OF ACTION

16.    Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract (Safeco Only)**

17.    Safeco had a contract of insurance with Plaintiff.  Safeco breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

3

**B.     Prompt Payment of Claims Statute (Safeco Only)**

18.     The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (Safeco and Willard)**

20.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

21.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

22.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

4

23.    Defendants violated § 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

24.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

25.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted

5

in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

26.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

27.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

30.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

6

32.    You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

**IX.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Mary Pietruszynski prays that, upon final hearing of the case, she recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Ms. Pietruszynski be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Pietruszynski may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:     /s/ William X. King
          Richard D. Daly
          TBA No. 00796429
          rdaly@dalyblack.com
          ecfs@dalyblack.com
          William X. King
          TBA No. 24072496
          wking@dalyblack.com
          2211 Norfolk St., Suite 800
          Houston, Texas 77098
          713.655.1405—Telephone
          713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**MARY PIETRUSZYNSKI**

7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly and William X. King, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.    You know the response made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:   /s/ William X. King
         Richard D. Daly
         TBA No. 00796429
         rdaly@dalyblack.com
         ecfs@dalyblack.com
         William X. King
         TBA No. 24072496
         wking@dalyblack.com
         2211 Norfolk St., Suite 800
         Houston, Texas 77098
         713.655.1405—Telephone
         713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
MARY PIETRUSZYNSKI**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

         /s/ William X. King
         William X. King

9

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

      1.  Identify the document's title and general subject matter;
      2.  State its date;
      3.  Identify all persons who participated in its preparation;
      4.  Identify the persons for whom it was prepared or to whom it was sent;
      5.  State the nature of the privilege claimed; and
      6.  State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

      1.  You know the response made was incorrect or incomplete when made; or
      2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Safeco Insurance Company of Indiana, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit (Claim No. 999271795039) or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents,

studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.   **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.   **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.   **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.   **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.   **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file

notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

· You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

13

## INTERROGATORIES TO DEFENDANT SAFECO

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who handled Plaintiff's Claim on your behalf and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim.

    **ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were **_not_** covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy;
    b.    how you came to these conclusions; and
    c.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**

**INTERROGATORY NO. 4:**
If your response to Request for Admission No. 10 was an unqualified admission, please identify all exclusions identified in the correspondence dated March 30, 2016 from Alexander Willard that do not apply to the Claim.

    **ANSWER:**

**INTERROGATORY NO. 5:**
State whether the Chris Wheeler's estimate was revised or reconciled, and if so, state what was changed and who did it.

    **ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**
**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to timely report the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

**INTERROGATORY NO. 13:**

15

Identify the price lists you utilized in all estimates generated in connection with the Claim and state whether any of those price lists were in any manner modified from their original sources and how.

> **ANSWER:**

**INTERROGATORY NO. 14:**
State whether labor costs are factored into the line items contained in Chris Wheeler's estimate and if so, explain the calculations in detail.

> **ANSWER:**

**INTERROGATORY NO. 15:**
If you contend that the roof suffered from blistering and/or "nail pops," please identify the area(s) of the roof you contend are suffering from such defects and the cause of those infirmities.

> **ANSWER:**

## REQUEST FOR PRODUCTION TO SAFECO

**REQUEST FOR PRODUCTION NO. 1**
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**
Produce the complete Claim File including, but not limited to, any and all iterations of estimates, Claim Summary Report(s), Claim Activity Log(s), Loss Report(s), General Loss Report(s), FNOL reports, scope sheets, photographs, diagrams, sketches, correspondence and adjuster field notes.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**
Produce all estimates and drafts of estimates created or reviewed by Jasmine Stafford.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
Produce all estimates and drafts of estimates created or reviewed by Chris Wheeler.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all estimates and drafts of estimates created or reviewed by Alex Willard.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all communications by and between Jasmine Stafford, Chris Wheeler, Alex Willard, their managers, team managers and supervisors that mention or are related to the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all communications by and between any Safeco employees, agents or independent contractors and any third-parties related to the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, 'best practices,' procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all documents you provided to the independent adjusters and/or independent adjusting firms who inspected Plaintiff's property instructing them how to complete inspection reports.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce a copy of the wind and hail scope sheets you made available to the independent adjusters or the independent adjusting firm who you retained to adjust the Claim and copies of the scope sheets that were returned to you.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce a copy of the instructions you made available to the independent adjusters and/or their independent adjusting firms you retained to adjust the Claim that explain how their Xactimate software suites must be configured to interact with your claims handling systems and computer files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce a copy of all workflow instructions you made available to the independent adjusters and/or their independent adjusting firms you retained to adjust the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Produce a copy of all review queues generated in Xactanalysis in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce a copy of all Notes created in Xactanalysis referring or related to the Claim, estimates, drafts of estimates, the Property and/or Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce the Fee Schedule that dictated the compensation for the adjusters involved in this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Produce all adjuster invoices, "Adjuster Invoice for Information Only" spreadsheets, billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**
Produce copies of your attorney's[s'] fee bills in this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

    **RESPONSE:**

## REQUEST FOR ADMISSIONS TO SAFECO

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the
Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the
Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that the correspondence dated March 30, 2016 from Alexander Willard lists policy
exclusions that do not apply to the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that the purpose of the appraisal clause in the Policy at issue is not to determine coverage
issues.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that the purpose of the appraisal clause in the Policy is solely to determine pricing of the
damages listed in Chris Wheeler's estimate dated March 24, 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that the only items that are appropriate for appraisal as provided for in the Policy are those
identified in Chris Wheeler's estimate dated March 24, 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that any claimed damages that are *not* contained in Chris Wheeler's estimate dated March
24, 2016 are not appropriate for appraisal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

   . **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that price list TXDF8X_Jul15 was utilized to determine the cost of repairs identified in Chris Wheeler's estimate dated March 24, 2016.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that price list TXDF8X_Jul15 was modified from the manufacturer's settings.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
Admit that Chris Wheeler's estimate dated March 24, 2016 does not include the costs of labor associated with the repairs identified in the estimate.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
Admit that Chris Wheeler is an independent adjuster.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
Admit that Chris Wheeler's pay schedule is $350 for damages ranging from $0.00 to $15,000.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
Admit that Chris Wheeler's estimate dated March 24, 2016 was accepted without alteration by the vendor review team.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Admit that Chris Wheeler's estimate dated March 24, 2016 was accepted without alteration by Safeco's review team.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit that Safeco requires independent adjusters to include scope sheets in each claim file.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
Admit that Safeco has waived the right to invoke appraisal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
Admit that Safeco does not intend to invoke appraisal as to any damages not identified in Chris Wheeler's estimate dated March 24, 2016.

**RESPONSE:**

MELANIE REED
ELLIS COUNTY DISTRICT CLERK
109 SOUTH JACKSON
WAXAHACHIE, TX 75165
972-825-5091

CERTIFIED MAIL



7015 1730 0001 7743 6994

SAFECO INS. CO. OF INDIANA
REG. AGENT, CORPORATION SERVICE CO.
93994, CM@70151730000177436994
211 E. 7TH ST., STE. 620
AUSTIN, TX  78701-3218